(88 South. 235)

No. 24523.

### STATE v. BURCHEWSKI.

### In re BURCHEWSKI.

(April 4, 1921.)

*(Syllabus by Editorial Staff.)*

Criminal law ⬤➾1148—Trial court invested with much discretion as to question of solvency of surety on appearance bond.

On questions of fact, as that of the solvency of the surety on the appearance bond tendered by defendant charged with having kept a disorderly house, the court of original jurisdiction is invested with much discretion, which ordinarily should not be interfered with by the Supreme Court in the exercise of its supervisory jurisdiction.

Annie Pullman Burchewski was charged with having kept a disorderly house, and she applies for writs of certiorari and mandamus to compel acceptance of an appearance bond tendered by her and to release her from imprisonment. Relief prayed for denied.

Josiah Gross and J. A. Morales, both of New Orleans, for applicant.

Robert H. Marr, Dist. Atty., of New Orleans, for the State.

O'NIELL, J. Relatrix prays for a writ of mandamus to compel the judge of the criminal district court to accept an appearance bond tendered by her, and to release her from imprisonment under a bill of information accusing her of having kept a disorderly house.

The return of the respondent judge shows that the only question at issue before him was the question of solvency of the surety on the appearance bond tendered by relatrix. On such questions of fact, the court of original jurisdiction is invested with much discretion, which ordinarily should not be interfered with by this court in the exercise of its supervisory jurisdiction. The return of the respondent judge also shows that this case might have been tried upon its merits in the criminal district court, if the relatrix or her counsel had so desired, at any time within a period near three weeks before the application was made to this court for the exercise of our supervisory jurisdiction; and it appears, by supplemental return of the judge, that the case was tried on its merits on the day immediately following the return day of the rule issued herein.

The relief prayed for is denied.